IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK VAN DEN HEUVEL,<br><br>Petitioner,<br><br>v.<br><br>EL DORADO PRISON HOLDING FACILITY SOUTH LAKE TAHOE,<br><br>Respondent. | No. 2:22-CV-0231-DAD-DMC-P<br><br>ORDER |

      Petitioner, a parolee proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss Petitioner's original petition. See ECF No. 40. Also before the Court are Petitioner's first and second amended petitions. See ECF Nos. 43 and 45.

      The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought,

1

the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

      Where a party files an amended pleading without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

      Here, Petitioner initiated this action with a pro se petition.  See ECF No. 1.  On September 22, 2023, Respondent filed a motion to dismiss the original petition.  See ECF No. 40. On October 18, 2023, Petitioner filed his first amended petition.  See ECF No. 43.  Petitioner filed a second amended petition on February 12, 2024.  See ECF No. 45.  Under Federal Rule of Civil Procedure 15(a)(1)(B), Petitioner was entitled to amend once as of right within 21 days of the date of service of Respondent's motion to dismiss.  The proof of service attached to Respondent's motion reflects that it was served by mail on Petitioner on September 22, 2023. See ECF No. 40-1.  Thus, the 21-day period within which to amend as of right expired on Friday October 13, 2023.  See Fed. R. Civ. P. 6(a)(1).  Because Respondent's motion was served by mail, three days are added, making the deadline to amend as of right October 16, 2023.  See Fed. R. Civ. 6(d).  Because the first and second amended petitions were filed after October 16, 2023, they will be stricken as having been improperly filed without leave of court to do so.

Respondent's unopposed motion to dismiss the original petition will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that Petitioner's first and second amended petitions, ECF Nos. 43 and 45, are STRICKEN.

Dated:  June 25, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE