UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK VAN DEN HEUVEL,<br><br>Petitioner,<br><br>v.<br><br>EL DORADO PRISON HOLDING FACILITY SOUTH LAKE TAHOE,<br><br>Respondent. | No. 2:22-cv-00231-DC-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 56) |

Petitioner John Mark Van den Heuvel is a parolee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 15, 2024, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice due to Petitioner's failure to prosecute and failure to comply with court rules and orders. (Doc. No. 56.) In particular, Petitioner failed to comply with the court's August 9, 2024 order directing Petitioner to file a first amended petition within thirty days of that order (Doc. No. 54).[1] The

---

[1] The service copy of the August 9, 2024 order, which was mailed to Petitioner at his address of record, was returned to the court as "Undeliverable, Unclaimed." Pursuant to Local Rule 183 in effect at that time, Petitioner was required to file a notice of his change of address with the court by no later than November 7, 2024, and he did not do so.

1

pending findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.[2] (*Id*. at 2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on November 15, 2024 (Doc. No. 56) are ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

3. The court declines to issue a certificate of appealability; and

/////

/////

/////

---

[2] The service copy of the pending findings and recommendations, which was mailed to Petitioner at his address of record, was also returned to the court as "Unclaimed."

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**February 6, 2025**__

_____
Dena Coggins
United States District Judge

3